# Fertig v. Henne.

*Mortgage—Suretyship—Agent—Satisfaction of mortgage.*

A mortgage given to secure an indorser or surety on a note from loss, without any language in the mortgage showing an intended protection for creditors, cannot be construed as a trust for creditors.

Where one of two joint owners of leaseholds executes a mortgage of his interest to the other to secure the latter as his indorser or surety on notes, and it appears that after all of the notes were paid but one, the mortgagor acting as agent for the mortgagee, sells all of the mortgaged premises for full value without any deduction for the mortgage, and promises the purchaser, with full authority from the mortgagee that the mortgage shall be satisfied, the mortgagee will be compelled by a court of equity at the instance of the purchaser to satisfy the mortgage and will not be heard to aver that he had no right to satisfy until the remaining note was paid.

Argued Oct. 10, 1900. Appeal, No. 122, Oct. T., 1900, by defendant, from decree of C. P. Clarion Co., Nov. T., 1898, No. 2, on bill in equity in case of John Fertig and W. C. Warner, trustees for the National Oil Company, v. S. S. Henne. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity to compel the satisfaction of a mortgage.

Clark, P. J., found the facts as follows:

1. On and prior to May 25, 1898, J. A. Cadwallader, S. S. Henne, C. B. Henne, John A. Henne and H. S. Henne were joint owners of the leasehold properties in question.

On August 4, 1896, J. A. Cadwallader executed the mortgage hereinafter referred to on his undivided one third in said leasehold properties.

On May 25, 1898, the joint owners aforesaid in consideration of $20,000, sold the said leasehold properties to John Fertig and W. C. Warner, trustees for the National Oil Company, and executed an assignment of lease to the said trustees.

2. That J. A. Cadwallader, above named, conducted the negotiations in relation to and effected the sale of the leasehold properties aforesaid; and none of J. A. Cadwallader's joint owners, particularly S. S. Henne, spoke to plaintiffs in regard to said sale, but acted solely and alone through the said J. A. Cadwallader.

That the $20,000 purchase money was paid by check of John Fertig, treasurer of the National Oil Company, on the Commercial Bank of Titusville, said check having been made payable to " J. A. Cadwallader and S. S. Henne & Co.," and was indorsed as shown by the evidence, thus, " J. A. Cadwallader and S. S. Henne & Co.," by " J. A. Cadwallader," and " J. A. Cadwallader and S. S. Henne & Co., by S. S. Henne."

That before paying the said check the said bank required the check to be indorsed in the name of J. A. Cadwallader and S. S. Henne & Co., by S. S. Henne, as aforesaid; that after the said check was so indorsed it was paid by said bank to J. A. Cadwallader. The latter drew checks as follows: To S. S. Henne, $6,666.66; to C. B. Henne, $3,333.33; to H. S. Henne, $1,666.67, and to John A. Henne, $1,666.67.

Each of the said part owners received the several sums aforesaid as their interests in the sale of said property and availed themselves of the said J. A. Cadwallader's acts and declarations. That the defendant since learning of the representations of J. A. Cadwallader has never offered to return the benefits received by him in said transaction.

That J. A. Cadwallader acted as the agent of S. S. Henne in negotiating and consummating said sale.

That $6,000 of the $6,666.66 retained by J. A. Cadwallader was paid by him at the instance and request of S. S. Henne to the Commercial Bank of Titusville to lift two notes aggregating $6,000, secured by the mortgage aforesaid.

3. That $20,000 was the full value of the said leaseholds so sold to the National Oil Company and no allowance or reduction was made or considered by the parties in fixing the purchase price for or by reason of said mortgage.

That the joint conveyance of the leaseholds to the trustees of the National Oil Company by the owners thereof, does not mention, except or reserve the interest of S. S. Henne in the said mortgage, nor was anything mentioned in said conveyance making it subject to the lien of or to the payment of said mortgage.

4. That at the time of the consummation of the sale and before the delivery of the $20,000 check, the said J. A. Cadwallader, as agent of S. S. Henne, assured John Fertig, one of

the trustees of plaintiff company, that the said mortgage would be satisfied of record.

That the said John Fertig, trustee as aforesaid, relied on this promise and would not have paid the $20,000, except upon the belief that said promise would be fulfilled.

5. That the reason said Cadwallader assured John Fertig of plaintiff company that the mortgage would be satisfied of record appears in the testimony of J. A. Cadwallader on file in this case, and from which we find that the said Cadwallader was given to understand by S. S. Henne, his joint owner, that he would have said mortgage satisfied; and that S. S. Henne told said Cadwallader either when S. S. Henne indorsed the $20,000 check or at the time he was paid his share of the same by Cadwallader that he would have the mortgage satisfied.

6. That all of the indebtedness remaining unpaid at the date of the sale to the National Oil Company secured by said mortgage, to wit: $7,500, was paid by J. A. Cadwallader out of the $6,666.66 received by him from said sale, except a promissory note dated April 25, 1898, executed by J. A. Cadwallader and defendant and held by C. M. Loomis for the sum of $1,500. That this note of $1,500 was the last of a "series" of renewals of a note executed by said Henne and Cadwallader, dated April 24, 1896, for the sum of $5,000 and given to the said cashier.

On October 3, 1898, C. B. Henne, a brother of and former cotenant with defendant in the said leasehold properties, in company with M. J. Heywang, called at the bank of the Oil City Trust Company and stated they wished to pay this note and have it assigned to C. B. Henne, which was accordingly done.

That the check of $20,000 was drawn in the manner aforesaid by John Fertig for the purpose of placing the entire sum under the control of S. S. Henne.

That S. S. Henne's indorsing said check and requiring J. A. Cadwallader to pay the two notes, on which S. S. Henne was indorser in the Commercial Bank of Titusville, Pa., one for $5,000 and one for $1,000, both of which were paid May 26, 1898, by said Cadwallader by checks, one of $1,001.67 for the latter note and interest, and one of $4,975 for the former note less a rebate of $25.00 allowed for payment of note before the

maturity thereof, all of which was paid out of the $6,666.66 received by Cadwallader from said sale, and allowing said Cadwallader to retain $689.99 out of the purchase money, is strong circumstantial evidence that the said S. S. Henne understood said mortgage was to be satisfied, and that he looked to J. A. Cadwallader personally as sufficient security for payment of the remaining $1,500 note.

7. That J. A. Cadwallader received as much of the $20,000 for his one-third interest in the said leasehold estates as S. S. Henne did, notwithstanding S. S. Henne held a mortgage against Cadwallader's interest for $1,500. If defendant's contention is true, Cadwallader received $8,166.66 for one-third interest, whereas Henne received $6,666.66 for his one third thereof.

8. That J. A. Cadwallader at the date of the sale to the National Oil Company was solvent, but at the date of the conversation in which S. S. Henne, in reply to J. A. Cadwallader's request, refused to satisfy the mortgage, the said J. A. Cadwallader had presented his petition as a bankrupt.

9. The facts (*a*) that the conveyance does not mention the mortgage; (*b*) that there was no statement made that the leaseholds were sold subject to the mortgage; (*c*) that J. A. Cadwallader received the same sum for his one third that the defendant did; (*d*) that the two notes on which S. S. Henne was indorser for said Cadwallader in the Commercial Bank of Titusville, Pa., calling in all for the payment of $6,000 (for which the said mortgage was given to secure him, S. S. Henne, against any loss he might sustain by reason of his indorsements thereof), was required by the defendant to be paid by Cadwallader as aforesaid, the defendant then allowing Cadwallader to retain out of his share of the said purchase money $689.99, is strong corroborating proof of the evidence of J. A. Cadwallader and John Fertig, trustee aforesaid, that the mortgage was to be satisfied.

10. The leasehold mortgage executed by J. A. Cadwallader and given to S. S. Henne was given to secure him, S. S. Henne, against any loss he might sustain by reason of his indorsements or of his becoming surety on certain notes of said Cadwallader, therein mentioned or in the renewals thereof. It was given for his, Henne's, personal indemnity only, and not to provide a

fund for the payment of the notes therein mentioned or of such as might be renewed in whole or in part from time to time. In effect, it was to save S. S. Henne harmless from a contingent liability or loss.

11. That the representations to John Fertig that the mortgage would be satisfied, at and before the delivery of the conveyance and assignment, to wit: May 25, 1898, were made some months before the $1,500 note became due at the Oil City Trust Company. That J. A. Cadwallader and S. S. Henne, principal and surety, were solvent and able to pay this note at that date. That there was no liability on the mortgage at that date.

12. That the $1,500 note aforesaid is a promissory note, with warrant of attorney annexed thereto to confess judgment thereon, bearing date April 25, 1898, made by the said J. A. Cadwallader and the said S. S. Henne, who is surety therein for said Cadwallader, payable to the order of C. M. Loomis, cashier of the Oil City Trust Company, which bore interest from August 24, 1898, which note was the last of "series" of renewals of the indebtedness remaining unpaid on the note to the said Loomis, cashier, dated April 24, 1896, for the sum of $5,000, described in said mortgage.

That on October 3, 1898, the said $1,500 judgment note was past due. Repeated demands had been made of S. S. Henne, for payment thereof. At the latter date, C. B. Henne, his brother, and M. J. Heywang, his counsel, went to the Oil City Trust Company, paid the said judgment note and had it assigned to C. B. Henne, who was a joint grantor in the conveyance to the National Oil Company.

On that date, October 3, 1898, S. S. Henne withdrew $2,000 from his bank account. It is a significant fact that C. B. Henne and Mr. Heywang, the defendant's counsel, did go to the bank and pay and take an assignment of said judgment note to C. B. Henne without recourse to the holder, C. M. Loomis, cashier, etc. It is fair to infer that such payment and transfer was done by the direction or at the instigation of S. S. Henne or through his counsel; most certainly it was not done voluntarily by C. B. Henne.

13. The averment in plaintiff's bill, "plaintiffs further aver that one of the notes secured by said mortgage is yet unpaid

amounting to about $1,500 ; and that S. S. Henne is endeavoring to assign said mortgage or a part thereof, " was made under the belief that the note was unpaid in the hands of the Oil City Trust Company.

There is no evidence to show that the plaintiff knew at the time of the filing his bill that the note had been paid and assigned to C. B. Henne. This he learned from the testimony of witnesses in the case.

14. The answer sets up as new and independent matter, not responsive to the bill, viz : " that this note and the indebtedness represented and covered thereby is now, as I am informed and believe, held and owned by George W. MacMullen, of Pittsburg, Pa., for which reason he claims the benefit of the security of the said mortgage. This is denied by the general replication filed in the case. No evidence had been taken to sustain these averments.

These facts hence cannot be found. It is a general and loose averment. There is no evidence to show when he got possession of it, whether he paid anything for it, nor is there any evidence to show that he is a bona fide holder thereof for value.

15. C. B. Henne took the note after maturity and with notice of the sale of the mortgaged premises to the National Oil Company, and with knowledge that the conveyance to said company did not mention, except or reserve the interest of S. S. Henne in the mortgage, and after J. A. Cadwallader, the agent of S. S. Henne, represented the mortgage would be satisfied. The evidence leaves the note in C. B. Henne's hands to this day.

16. S. S. Henne alleges the $1,500 note is unpaid. He makes no claim that he is damnified or the conditions of the mortgage broken. It is at least a suspicious fact that he makes no claim to rights as mortgagee.

17. That George W. MacMullen is not demanding subrogation in this suit. Neither has S. S. Henne shown any loss or damage by reason of his being a surety in the judgment note.

18. That S. S. Henne is solvent, and the holders of the judgment note have failed to enter judgment and to enforce the collection of the same against the said J. A. Cadwallader or the said S. S. Henne, the makers thereof.

19. There is no evidence to show when George W. Mac-Mullen got possession of the note except that at the date of the filing of the answer it is alleged it was in his hands.

The conveyance of the leaseholds was recorded in the proper office prior to that, and hence he had notice that when the leaseholds were conveyed the mortgage was also assigned.

20. That Samuel Grumbine, Esq., acted as attorney for J. A. Cadwallader, S. S. Henne and the vendors of said leaseholds, and not as attorney for the plaintiffs, in preparing the transfer or assignment, and there is no evidence that the plaintiffs' trustees or either of them were informed at any time that the assignment of lease was not to affect the interest of S. S. Henne as holder of said mortgage.

21. The holder of the said judgment note has failed to pursue his remedy thereon against the makers thereof to insolvency.

On the facts as found, the court entered a decree enjoining the defendant from assigning the mortgage and ordering him to satisfy it.

*Error assigned* was the decree of the court.

*M. J. Heywang,* for appellant.—The proofs failed to establish the agency or authority of J. A. Cadwallader to make an agreement on behalf of the mortgagee (defendant) to satisfy the mortgage : Taylor v. Fried, 161 Pa. 53; Walker v. Tupper, 152 Pa. 1; Brown v. Jacquette, 94 Pa. 113; Butler Savings Bank v. Osborne, 159 Pa. 10; Dunham v. Loverock, 158 Pa. 197; Neill v. Shamburg, 158 Pa. 263; Woods v. McMillan, 32 P. L. J. 363.

The words " grant, bargain and sell " create an implied covenant against incumbrances only in the case of the conveyance of an " estate of inheritance in fee simple," and it required an act of assembly to accomplish this even in such a case : Act of May 28, 1715, 1 Sm. L. 94, sec. 6.

As the security is a trust created for the better securing of the debt, it attaches to it: Kramer's App., 37 Pa. 71; Rice's App., 79 Pa. 168; Cornwell's App., 7 W. & S. 305; Carman v. Noble, 9 Pa. 366.

*Don C. Corbett,* for appellees.—The proofs established be-

yond doubt or question that J. A. Cadwallader was the agent of S. S. Henne and had authority to negotiate and consummate the sale of the leaseholds in question to the National Oil Company: McNeile v. Cridland, 168 Pa. 16.

There being no reservation of the mortgage, either in parol or in the instrument conveying the leaseholds, the latter is an assignment of the mortgage.

The mortgage was a mere personal and conditional security to S. S. Henne, and was not intended to provide a fund for the payment of the notes.

OPINION BY MR. JUSTICE BROWN, January 7, 1901:

This is an appeal from a decree enjoining S. S. Henne, the appellant, from assigning or transferring a mortgage given to him by J. A. Cadwallader, and requiring him to satisfy it in accordance with his agreement to do so. These two men with others owned certain leaseholds in Elk township, Clarion county, and Cadwallader executed a mortgage on his interest to Henne, to secure the latter as his indorser or surety. All of the notes indorsed by Henne were paid; but one for $1,500, upon which he is surety, remains unpaid. In his answer to the bill, among other defenses relied on, the appellant insists that he has no right to satisfy the mortgage until the indebtedness of $1,500 is fully paid. If this contention be just, the bill must be dismissed. It confronts us on the threshold and must be first disposed of.

The mortgage is in express terms an indemnity to Henne to save him from a contingent liability or loss. It provides for no funds to be appropriated by him to the payment of the obligation of Cadwallader, and, reading it from beginning to end, no intended protection can be found for the creditors. It was for Henne alone, solvent when he became surety and solvent when this bill was filed. He can retain or return this protection. His solvency was and continues to be the creditor's security, which the latter cannot find in the mortgage, even if needed there. There is no fund before us for distribution, arising from a sale of the mortgaged premises and requiring us to equitably award the proceeds. Whatever control Henne had over the mortgage at the time of its execution, he still possesses, and, having been given to him for his own personal

indemnity, if he agreed, as set forth in the bill of complaint, to satisfy it, he ought to be held to his promise. His plea that he has no right to do so because the holder of the unpaid obligation has an interest in it, cannot, under the circumstances, avail him. By way of authority we need only repeat the words of the very learned Judge HARE found in Worrall's Appeal, 41 Pa. 527 : " Securities given by a principal debtor, as an indemnity against the debt, to those who have become jointly bound with him as sureties for its payment, have sometimes been said to be trusts for the creditor. If this were so, it would follow that they could not be returned to the principal, without applying to the creditor, and obtaining his consent to the surrender; a conclusion so extreme as to show that the principle which leads to it must be an error."

We need not review the pleadings nor discuss the evidence. The latter was sufficient to justify the court's findings of fact. These were that Cadwallader acted as the agent of Henne in selling the mortgaged premises for their full value; that at the time of the consummation of the sale, and before the delivery of the $20,000 check for the purchase money, Cadwallader as agent of Henne, assured Fertig, one of the trustees of plaintiff company, that the mortgage would be satisfied of record; that but for his reliance on the promise that the mortgage would be satisfied, Fertig would not have paid the purchase money; that when Cadwallader gave this assurance to Fertig he did it in pursuance of his understanding with Henne that the mortgage would be satisfied; that at the time the check for the purchase money was received or at the time Henne received his share of the same, he agreed that he would satisfy the mortgage; and that he has enjoyed the benefits derived from the sale. Under these findings the appellant ungraciously seeks to evade his agreement. That it may be enforced, the decree of the court below is affirmed, and the appeal dismissed at the costs of the appellant.